IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **CRYSTAL F. RAMSEY,** | * |
| Plaintiff, | * |
| v. | *   Civil Action No.: |
| **JAGUAR LAND ROVER NORTH AMERICA, LLC.** | * |
| Defendant | * |

Please serve:

Corporation Service Company
100 Shockoe Slip Fl 2
Richmond, VA 23219-4100

## COMPLAINT

NOW into Court, through undersigned counsel, comes the Plaintiff Crystal F. Ramsey, and moves the Court for judgement against Defendant Jaguar Land Rover North America, LLC (Land Rover) on the basis of the following facts and law:

### JURISDICTION

1. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332. The Plaintiff is a citizen of Aberdeen, Maryland. Defendant is a U.S. Limited Liability Company organized under the laws of Delaware and with a principal place of business in Mahwah, New Jersey. The amount in controversy exceeds $75,000.

2. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred, including the purchase and registration of the subject vehicle of this Complaint, and Defendant conducts significant business in the district. Venue in the Alexandria District is proper pursuant to Local Rule 3(C) because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On June 28, 2024, Plaintiff purchased a new Land Rover Range Rover Sport Se/H, VIN SAL1P9EU8RA409038, for personal use from Jaguar Land Rover Chantilly, LLC in Chantilly, Virginia, an authorized sale, warranty service, and repair agent of Defendant. Defendant is the manufacturer of the vehicle that is subject to this Complaint. The total delivered price of the vehicle was $95,957.66.

5. Defendant warranted the vehicle to be fit for its ordinary, reasonable use and free from defects for the period of four (4) years or 50,000 miles, whichever comes first. Defendant further warranted the vehicle's powertrain for a period of four (4) years or 50,000 miles, whichever comes first.

6. On July 31, 2024, Plaintiff took the vehicle to Jaguar Land Rover Chantilly, LLC in Chantilly, Virginia, an authorized dealership of the Defendant for warranty service and repair located in Chantilly, Virginia, because the subject vehicle's brakes would squeak loudly any time the Plaintiff would apply the brakes. The dealership replaced the rear brakes, rotor, and brake pads. Plaintiff's vehicle was out of service due to repair until August 3, 2024, when it was returned Plaintiff.

7. On August 19, 2024, Plaintiff again took the vehicle to Jaguar Land Rover Chantilly because the vehicle's brakes continued to emit a loud squeak any time Plaintiff applied the brakes. The dealership stated they were unable to duplicate the concern after inspecting the brake caliper and disc. The subject vehicle's speaker in the driver's door was also distorted and, after inspection, the dealership found that there was little to no sound coming from the speaker. The dealership replaced the speaker. Lastly, Plaintiff informed the dealership that the subject vehicle's driver-side door handle would intermittently fail to release the latch. The vehicle was out of service due to repair until August 27, 2024, when it was returned to Plaintiff.

8. On August 28, 20224, one day after the subject was returned to the Plaintiff, Plaintiff once again had to take the subject vehicle to Jaguar Land Rover Chantilly. Plaintiff informed the dealership for the third time in one month that there was a loud, high pitch squealing noise coming from the vehicle while driving, which would become more pronounced after driving for extended periods, and it appeared the noise was coming from the rear of the vehicle. The dealership verified the concerns, including that, during longer drives, the squealing noise would become more pronounced. Indeed, after the dealership cleaned the brake pads and rotors and there was initially no noise

3

found when driving, the dealership found the noise returned when test driven for a longer duration. The dealership removed the rear brakes, after which "*the rear brake caliper piston seal was noted as being adrift allowing dirt and debris into the brake piston.*" The dealership replaced the rear calipers, rear brake discs, and pads. The dealership then noted that the vehicle "*required three high pressure brake bleeds to achieve normal brake pedal feel.*" The vehicle was out of service due to repair until September 11, 2024, when it was returned to Plaintiff.

9. Plaintiff's vehicle has been subject to repair three times by the Defendant and its authorized agents, and Defendant and its authorized agents have never cured or repaired these serious nonconformities. Plaintiff continues to have concerns with the vehicle's braking system, which is a serious safety defect. As such, the vehicle remains unsafe, and the nonconformities have significantly impaired the use, market value, and safety of the vehicle. Plaintiff must have reliable transportation for her daily life.

## COUNT ONE

### VIOLATION OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT VIRGINIA CODE § 59.1-207.11 ET SEQ. "*LEMON LAW*"

10. The facts alleged in paragraphs 1-9 are re-pled herein by reference.

11. Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereinafter Virginia Lemon Law). VA Code §59.1-207.11. Defendant is a manufacturer as defined under the Virginia Lemon Law, *Id.*, and received due notice under the same statute.

12. In enacting the Virginia Lemon Law, the Virginia General Assembly recognized that "a motor vehicle is a major consumer purchase, and there is no doubt

that a defective motor vehicle creates a hardship for the consumer." VA Code §59.1-207.10. As such, it was "the intent of the General Assembly that a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacturer, or its agent, within a specified period of time." *Id.* Plaintiff's defective motor vehicle has, in fact, created a serious hardship for Plaintiff and her family and Defendant has failed to resolve the issues despite multiple good faith attempts by Plaintiff.

13. The Virginia Lemon Law requires a manufacturer to conform the motor vehicle to all applicable warranties that are provided to the consumer. VA Code §59.1-207.12. The Virginia Lemon Law further states that *"[i]f the manufacturer, its agents or authorized dealers do not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition, including those that do not affect the driveability of the vehicle, which significantly impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts during the lemon law rights period, the manufacturer shall: (1) Replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or (2) Accept return of the motor vehicle and refund to the consumer, lessor, and any lienholder as their interest may appear the full contract price, including all collateral charges, incidental damages, less a reasonable allowance for the consumer's use of the vehicle up to the date of the first notice of nonconformity that is given to the manufacturer, its agents or authorized dealer."* VA Code §59.1-207.13.

14. Plaintiff's vehicle has been subject to repair three (3) times for a serious safety defect and has been out of service due to repair for 25 days. It is therefore presumed that a reasonable number of attempts have been undertaken to conform

Plaintiff's vehicle and that Plaintiff's vehicle is significantly impaired. Virginia Lemon Law states, in relevant part, that "*[i]t shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the lemon law rights period either: (1) The same nonconformity has been subject to repair three or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist; (2) The nonconformity is a serious safety defect and has been subject to repair one or more times by the manufacturer, its agent or its authorized dealer and the same nonconformity continues to exist; or (3) The motor vehicle is out of service due to repair for a cumulative total of 30 calendar days, unless such repairs could not be performed because of conditions beyond the control of the manufacturer, its agents or authorized dealers, including war, invasion, strike, fire, flood or other natural disasters.*" VA Code 59.1-207.13.

15. WHEREFORE, Plaintiff Crystal F. Ramsey respectfully prays this Court enter judgment in her favor against Defendant Jaguar Land Rover North America, LLC granting Plaintiff's demands: for the total delivered price of $95,957.66, all collateral charges, finance charges, incidental damages, monetary consequential damages, rescission of the contract, compensation in the amount of $10,000 for inconvenience and loss of use, reasonable attorney's fees at a rate of $750 per hour or one-third of whatever is recovered, whichever is greater, and all other relief law and equity may provide.

## COUNT TWO

## VIOLATION OF THE MAGNUSON-MOSS ACT (15 U.S. CODE § 2301)

16. Plaintiff is a consumer as defined in U.S. Code § 2301(3). Defendant is a supplier and warrantor as defined in 15 U.S. Code § 2301(1).

17. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to Plaintiff as part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U.S. Code § 2301 – (7) respectively.

18. The Limited Warranty failed its essential purpose, and Defendant has violated the Act due to its inability to repair or replace the serious safety nonconformities within a reasonable time and has refused to provide Plaintiff with a refund as required in 15 U.S. Code § 2304(a)(1) and (4).

19. Defendant also breached its Implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used per 15 U.S. Code § 2308, 2310(d).

WHEREFORE, Plaintiff moves this Honorable Court to enter judgement in her favor against Defendant Jaguar Land Rover North America, LLC in the amount of $95,957.66 as well as all incidental costs, compensation, in the amount of $20,000.00 for inconvenience an loss of use, interest payments, or a comparable replacement vehicle acceptable to Plaintiff, reasonably attorney fees in the amount of $750.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert

witness fees, pre-judgment interest running from the date of the first attempt, post judgment interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

**CRYSTAL F. RAMSEY**

By: /s/ James B. Feinman
Of Counsel

James B. Feinman, Esq. (VA State Bar # 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603
(434) 846-0158
jb@jfeinman.com
*Counsel for Plaintiff*